THOMAS BRIGGS & another[1] *vs.* A. LEAVITT TAYLOR, trustee,[2] & others.[3] July 8, 1986. *Negligence,* One owning or controlling real estate, Child trespasser.

In this negligence action for personal injuries, the plaintiffs, Thomas Briggs and his father William J. Briggs, Jr., appeal from the entry of final judgments based on directed verdicts for the defendants. We transferred the case here on our own motion and we now affirm.

We recite the evidence presented at trial in the light most favorable to the plaintiffs. On August 30, 1978, Thomas Briggs, then nine years old, and some friends were playing in a vacant lot near their homes. On the premises was an excavation approximately twelve feet long, ten feet wide, and five feet deep. In the hole was a sheet metal real estate sign affixed to a four-foot wrought iron metal post with metal spikes to anchor the sign into the ground. The sign was upside down with the spikes pointing upward. There was also evidence that the sign was twisted and partially broken. When Thomas stood near the edge of the hole, the ground beneath him gave way. Thomas fell into the hole, landed on the sign, and was punctured by one of the spikes.

The plaintiffs introduced evidence that Equities Realty owned the vacant lot at the time of the accident, Suffield Realty owned the sign, Raymond Mikolinski made the excavation, and Mikolinski had observed a standing real estate sign approximately twelve feet from the sidewalk in the area of the vacant lot from the middle of June to the end of July, 1978. Also, there was evidence that in the spring of 1977 Suffield Realty had placed two signs on undeveloped house lots in this area. Further evidence was introduced that Suffield Realty had inspected the signs occasionally and in the spring or summer of 1977 had an oral maintenance agreement to ensure that the signs were properly placed and maintained.

At the conclusion of the plaintiffs' case, Equities Realty, Taylor, and Mikolinski moved for directed verdicts. Suffield Realty later made a similar motion. The judge granted the motions, explaining that there was no evidence on which the jury could base findings of negligence. The judge stated that there was no evidence as to who put the sign in the hole, nor was there evidence that any of the defendants had actual knowledge that the sign was in the hole prior to the accident or that the sign had been in the hole a long enough period for any defendant to know that a dangerous condition existed. In the absence of such evidence, the judge concluded, a finding that any of the defendants had failed to exercise reasonable care was not warranted. We agree.

---

[1] William J. Briggs, Jr.

[2] Of Equities Realty Trust II (Equities Realty).

[3] Suffield West Realty, Inc. (Suffield Realty), and Raymond Mikolinski, doing business as Raymond Excavating Company.

The plaintiffs point to evidence that the defendants knew or should have known that the real estate sign was on the property for a considerable period prior to the accident, that the sign was broken at the time of the accident, and that there were excavations in the area. But there was no evidence that any of the defendants put the sign in the hole or knew or reasonably should have known of the condition that existed on the vacant lot on the date of the accident. Therefore, there was no evidence of negligence attributable to any of the defendants. See *Oliveri* v. *Massachusetts Bay Transp. Auth.*, 363 Mass. 165, 167 (1973).

Futhermore, the plaintiffs are not aided by G. L. c. 231, § 85Q (1984 ed.), the so-called attractive nuisance statute. Section 85Q provides that a landowner shall be liable for physical harm to a child trespasser caused by artificial conditions maintained on the land. To recover under § 85Q, five conditions must be met. The plaintiffs failed to satisfy at least two of the five conditions contained in G. L. c. 231, § 85Q. Factors (*b*) and (*e*) provide that the condition on the land must be one which the landowner knew or should have known was dangerous and the landowner must have failed to exercise reasonable care to eliminate the danger caused by the condition. The condition which caused the plaintiff's injury was the placement of the real estate sign in the excavation. As we stated above, the plaintiffs introduced no evidence to show that Equities Realty knew or should have known about the dangerous condition on its property or that Equities Realty failed to exercise reasonable care with respect to that condition. Accordingly, a directed verdict was correctly entered for Equities Realty.

*Judgments affirmed.*

*William P. O'Neill* for the plaintiffs.
*Harold F. Brunault* for the Suffield West Realty, Inc.
*Patrick J. Daly* for A. Leavitt Taylor, trustee.
*William G. White* for Raymond Mikolinski.