Whitehead, J.
Plaintiff, R. Scott Jackson, sued the defendants, Daniel and Alice Leary, in tort for injuries the plaintiffs son sustained upon riding his bicycle off of the defendants’ elevated loading dock. The plaintiff alleges that the defendants owed the plaintiffs son a duty of reasonable care pursuant to the Massachusetts statutory version of the “attractive nuisance” doctrine, commonly called the “child trespasser” statute, and that the defendants breached this duty by failing to block access to or from the elevated end of the loading dock. Alternatively, the plaintiff argues that the defendants’ conduct was willful, wanton, or reckless, in violation of the duty owed to trespassers at common law. The defendants argue that the child trespasser statute is inapplicable to the facts of this case. Pursuant to Mass.R.Civ.P. 56, the defendants move for summary judgment on the ground that there are no material facts in dispute and they are entitled to judgment as a matter of law. For the reasons discussed below, the defendants’ motion is denied.
BACKGROUND
Based on the pleadings, exhibits, and plaintiffs affidavit, the undisputed material facts are as follows. The defendants, Daniel and Alice[3] Leary own property and a building located at 286 Main Street, West New-bury, Massachusetts (“the property”). The defendants leased a portion of the property to the United States Postal Service. An elevated loading dock used to service the building is attached to the building at the rear of the property. The loading dock is ramp shaped, and is elevated to a height of approximately three (3) to four (4) feet at one end. The defendants did not chain or otherwise guard the elevated end of the loading dock when it was not in use. At the time of the accident, the words “No Trespassing" were painted on the pavement in front of the loading dock, and two (2) “No Trespassing” signs were located in the immediate vicinity.
The plaintiffs son, Matthew Jackson (“Jackson”) was thirteen (13) years old at the time of the accident. Jackson attended accelerated classes for several years. He was an experienced bicyclist who, prior to the accident, often performed various tricks and jumps on his bicycle. Jackson had fallen from his bicycle several times in the past, but generally had sustained only minor cuts and scrapes. Over the years, he frequented the small business center in which the property is located.
On October 7,1990, Jackson and a friend entered the property on their bicycles without permission, and began playing on or near the loading dock. Hie Post Office was closed on this day. While playing, Jackson and his friend decided to jump their bicycles off of the loading dock. They did so by accelerating up the ramp and off of the elevated end. Jackson jumped his bicycle off of the loading dock once without incident. He attempted a second jump but was unsuccessful. Jackson’s front tire hit the ground first and he was thrown head first onto the pavement, seriously injuring himself.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[Tlhe opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
The primary issue before this court is whether Jackson was a child trespasser within the meaning of G.L.c. 231, §85Q, commonly known as the “attractive nuisance” or “child trespasser” statute.[4] At common law, a landowner’s duty toward a child trespasser was identical to that owed to an adult trespasser — to refrain from willful, wanton, or reckless conduct, unless *306 the landowner knew that the trespasser was imperiled. Mathis v. Massachusetts Electric Co., 409 Mass. 256, 260 (1991); Soule v. Massachusetts Electric Co., 378 Mass. 177, 180 (1979); Pridgen v. Boston Hous. Auth., 364 Mass. 696, 707 (1974); Urban v. Central Mass. Electric Co., 301 Mass. 519, 523 (1938); JAD v. Boston & Maine Corp., 26 Mass.App.Ct. 564, 566 (1988). The Legislature first enacted the child trespasser statute in 1977 in an effort to soften the blow of the “Draconian”[5] common law rule with respect to child plaintiffs. Mathis, supra at 260; Soule, supra, at 180. The child trespasser statute, which is predicated upon negligence principles, provides that a landowner owes a duty of reasonable care to certain foreseeable child trespassers. Mathis, supra, at 261; JAD, supra, at 568; Schofield v. Merrill, 386 Mass. 244, 247 (1982). The statute borrows its language from the text of the Restatement (Second) of Torts §339 (1965) and provides:
Any person who maintains an artificial condition upon his own land shall be liable for physical harm to children trespassing thereon if (a) the place where the condition exists is one upon which the land owner knows or has reason to know that children are likely to trespass, (b) the condition is one of which the land owner knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, (d) the utility to the land owner of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and (e) the land owner fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.
“In a case brought under the statute, a landowner’s duly of reasonable care toward a foreseeable child trespasser will be breached only if the five conditions of the statute are satisfied.” Mathis, supra at 262; Briggs v. Taylor, 397 Mass. 1010, 1011 (1986).
The parties have focused on the third condition of the statute, which concerns the child trespasser’s understanding of the potential hazard of the artificial condition on the land. The instant case is unique among the cases that have dealt with this issue because both Jackson’s affidavit and his deposition demonstrate that Jackson had some appreciation of the danger of jumping off of the platform. However, plaintiff argues that a child trespasser does not fall outside of the protection of the statute unless he realizes the full extent of the potential hazard. In contrast, the defendants allege that the child trespasser must appreciate the danger only in a general sense.
In light of the Legislature’s lessening the burden of proof with respect to child trespassers, it is the opinion of this court that a conservative reading of this section of the statute best comports with the Legislature’s intent to provide a readily available tort remedy to certain foreseeable child trespassers. The defendants’ proposed interpretation strips the statute’s third element of its utility, and creates an insurmountable burden on child trespassers in all but the most extreme cases; nearly all children have some general appreciation of danger. Furthermore, because a child trespasser must meet all of the statute’s five conditions, Mathis, supra at 262; Briggs, supra at 1011, the defendants’ proposed interpretation nullifies the statute. This court declines to interpret the statute in a way that will readily deny the benefit to the people it was designed to protect.
In Soule, supra at 184, the court held that, “where the trespasser is a child, who is unable to appreciate danger as intelligently as an adult... it is appropriate to call for the exercise of reasonable care toward that child notwithstanding his status as a trespasser.” The court in Mathis stated, “(I]f the child is fully aware of the condition, understands the risk which it carries, and is quite able to avoid it, he stands in no better position than an adult with similar knowledge and understanding.” Mathis, supra, at 262 (quoting W. Prosser & W. Keeton, Torts §59 at 408-09 (5th ed. 1984)). The Restatement provides that the duty of reasonable care “does not extend to those conditions the existence of which is obvious even to children and the risk of which should be fully realized by them.” Restatement (Second) of Torts §339 (1965) comment i. The duty may also exist where the dangerous artificial condition on the land has a “distracting influence which makes it likely that the child will not discover or appreciate it.” Id. at comment j. “The lack of experience and judgment normal to young children may prevent them from realizing that a condition observed by them is dangerous or, although they realize that it is dangerous, may prevent them from appreciating the fiill extent of the risk." Id. at comment k. (Emphasis added.) The duty does not extend to the child who appreciates the full risk involved in intermeddling with the dangerous condition, but nevertheless chooses to encounter it out of pure recklessness or bravado. Id. at comment m. See Gaines v. General Motors Corp., 789 F.Supp. 38, 41 (D.Mass. 1991).
The authorities cited above support a finding that the child trespasser must realize the full extent of the potential hazard in order to be barred from utilizing the statute. Because the child trespasser’s youthful capacity for appreciating risks is relevant, the child should be judged based upon his age, intelligence, and experience. Mathis, supra, at 264; McDonald v. Consolidated Rail Corp., 399 Mass. 25, 29 n.4 (1987). The resulting test is whether a child of like age, intelligence, and experience would fully appreciate the hazard of intermeddling with an artificial condition *307 existing on a piece of property as intelligently as an adult. If so, the child trespasser statute is inapplicable, and if not, the child trespasser may ultimately gain the benefit of the statute. In either case, whether the child trespasser actually appreciated the full extent of the danger is a question of fact for the jury. Puskey v. Western Massachusetts Co., 21 Mass.App.Ct. 972, 974 (1986). See also, Hoff v. Natural Refining Products Co., 382 N.J. Super. 222, 118 A.2d 714, 722 (1955) (the issue of a child’s realization of risk should be submitted to the jury whenever there is a debatable question on the evidence) (emphasis added).
The court bases its conclusion in this matter upon a thorough examination of the pleadings, exhibits, and plaintiffs affidavit. Although the defendants have urged this court to disregard the plaintiffs affidavit as being “contradictory” and a “sham,” the court declines to do so. “A deposition and a contrary affidavit must both be considered in passing on a motion for summary judgment.” Guenard v. Burke, 387 Mass. 802, 812 (1982). See Junkins v. Slender Woman, Inc., 7 Mass.App.Ct. 878, 878 (1979). The court acknowledges defendants’ argument that there may be instances where an affidavit denying deposition testimony may not raise a genuine issue of material fact, Guenard, supra at 812-13; Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969), but this is not such a case. There is enough doubt in the court’s mind to compel it to consider this issue one for a juiy to decide.
ORDER
Based on the foregoing, it is hereby ORDERED that defendants’ motion for summary judgment be DENIED.

 Defendant Alice Leary has died since the commencement of this action.

 Plaintiffs attorney conceded at oral argument that Jackson was not an invitee or licensee and that any recovery would be based on the breach of the duty owed to a child trespasser or ordinary trespasser at common law.

 United Zinc & Chem. Co. v. Britt, 258 U.S. 268, 276 (1922) (Clarke, J. dissenting).