Curtin, J.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a fall at the defendant’s store. The trial court entered judgment for the plaintiff in the amount of $6,650.00. The defendant has appealed to this Division pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8A
The defendant operates a retail toy store in Revere, Massachusetts. On April 19, 1995, the plaintiff was in the defendant’s store to purchase a particular toy for her son. While searching for the toy, the plaintiff tripped and fell over a merchandise box which was on the floor in one of the store aisles. She suffered injuries to her elbow and back.
No evidence was presented at trial that the box has been placed in the aisle by the defendant’s employees or that the defendant had any knowledge that the box was in the aisle. Nor was any evidence introduced as to the length of time the box remained in the aisle prior to the plaintiff’s mishap. The plaintiff did not see the box before she fell and could not testify as to how long the box had been there. Similarly, the defendant’s assistant manager did not know the length of time the box had been in the aisle.
There was evidence that due to the nature of the defendant’s business, many children were on the store premises on a regular basis. The plaintiff testified that the store was “messy” on the day of the accident.
The trial judge made findings of fact, disposed of the defendant’s twenty-nine requests for findings and eighteen requests for rulings, and entered judgment for the plaintiff. The defendant contends on this appeal that the trial court erred both in denying the defendant’s Mass. R. Civ. R, Rule 41(b)(2) motion for involuntary dismissal, and in denying six of the defendant’s requests for rulings of law which raised the dispositive issue of the legal sufficiency of the evidence to have permitted a finding in the plaintiff’s favor.
The law in Massachusetts is well settled that a business owner has a duty of ordinary care to maintain its business premises in a reasonably safe condition and to warn against any danger of which his patrons are unaware, but which is known or should be known to him. Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198, 203 (1964); Altman v. Barron’s Inc., 343 Mass. 43, 46-47 (1961). A defendant-owner may be held liable in negligence for a breach of such duty only when the plaintiff’s injuries were proximately caused by a dangerous or defective condition on the premises which the defendant either created, had actual knowledge of, or should have discovered and remedied in the exercise of due care. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961); Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1987); Kirmes v. The Stop & Shop Companies, Inc., 1992 Mass. App. Div. 196, 197-198. Where, as in the instant case, the plaintiff fails to establish that the defendant *77 created or was actually aware of the dangerous condition, it is incumbent upon the plaintiff to prove that the condition had existed for a sufficient period of time to have afforded the defendant an adequate opportunity to have discovered and corrected it prior to the plaintiffs accident. Briggs v. Taylor, 397 Mass. 1010 (1986); Shwartz v. Feinberg, 306 Mass. 331, 333 (1940). “The length of time the defect existed is a critical element of the plaintiff’s burden of proving the defendant should have known of the defect and was negligent in failing to discover and correct it.” Draper v. Kids “R" Us, 1996 Mass. App. Div. 27, 28. The plaintiff herein failed to introduce any evidence which would have permitted the trial court to determine the length of time the box had been in the aisle.
Nor was there any other evidence which would have permitted a finding in the plaintiffs favor. The trial court found as a fact that the defendant had failed to adopt a written or other standard policy regarding restocking the shelves or keeping the floors free of clutter and merchandise. The plaintiff failed, however, to present any evidence of a causal relationship between tire absence of such a policy and the accident in question. See Brighetti v. Consolidated Rail Corp., 20 Mass. App. Ct. 192, 197-198. The plaintiffs testimony that the store was “messy” was insufficient to warrant a finding of negligence, see Fine v. F. W. Woolworth Co., 343 Mass. 328, 329 (1961), as was evidence that the toy store was frequented by a large number of children. The transitory condition of a merchandise box on the floor in a toy store aisle does not constitute a basis for recovery on a res ipsa loquitur theory. Contrast Wilson v. Honeywell, Inc., 409 Mass. 803, 806-807 (1991).
In short, the evidence presented at trial was insufficient as a matter of law to permit a finding for the plaintiff. The denial of the defendants requests numbers 11 and 12, which sought a ruling that a finding for the defendant was required,[1] and the denial of the defendant’s Rule 41(b) (2) motion for involuntary dismissal were thus error.
Accordingly, the trial court’s judgment for the plaintiff is reversed and vacated. Judgment is to be entered for the defendant.
So ordered.

 “11. The evidence does not warrant a finding for the plaintiff and therefore a finding for the defendant is required as a matter of law.”
“12. The evidence requires a finding for the defendant.”