Aguiar, J.
This appeal raises the issue of whether the trial judge erred in finding that there were inherent dangers in maintaining a self-service coffee machine dispenser that require particular alertness by the defendant store and its personnel.
We find there was no error.
The plaintiff patron slipped and fell in the defendant’s store. There was evidence that she slipped and fell as a result of stepping on a spilled coffee bean that had fallen on the floor from the self-service coffee machine dispenser. Plaintiff’s investigator testified that coffee bean spills from the dispenser and similar dispensers had been observed on different occasions. Plaintiff argued that the defendant knew or should have known that they had a duty to protect the patron of the store.
There was evidence presented by the defendant that the plaintiff’s worn footwear had caused the slip and fall. The defendant’s witnesses testified that there were oral policies and procedures in keeping the floor in a clean condition and that they had no prior notice of any coffee beans being on the floor. They also testified that they did not see any coffee beans near the plaintiff which would have caused her to fall and that the only coffee beans they saw were by a bag that the plaintiff testified that she dropped. Defendant argued that th,e plaintiff’s worn footwear had caused the slip and fall. Defendant further argued that even if the plaintiff had slipped on a coffee bean on the floor which had fallen from the coffee dispenser, that the defendant was not aware of it or did not have enough time to become aware of it in order to clean it up.
The trial judge made a specific finding of fact that "there are inherent dangers in maintaining a machine of this sort (the self-service coffee machine dispenser) that require particular alertness by a store and its personnel.” The trial judge further found as a fact the plaintiff’s footwear did not cause the fall.
The trial judge found for the plaintiff and awarded damages. He also found that there was contributory negligence by the plaintiff of forty per cent. The floor had *27 white tiles and the coffee beans were dark brown but the plaintiff had failed to see the coffee bean before the slip and fall.
A trial judge’s finding of facts must be given great weight. It should not be overturned unless clearly erroneous. There was ample evidence to support the findings of the trial judge.
The defendant was aware of or should have been aware of the inherent dangers posed by this machine and it had a duty to protect the plaintiff patron from that danger.
This was not a situation where a customer spilled some substance on the floor unexpectedly and the defendant was not aware of it or did not have enough time to become aware of it in order to clean it up. This was a situation where the defendant was aware that coffee spills were imminent and commonplace and the defendant did not take the necessary steps to alleviate the danger.
The defendant had an affirmative duty of reasonable care to keep the premises safe. The fundamental question is whether the defendant has acted reasonably in light of all the circumstances in the particular case. Mounsey v. Ellard, 363 Mass. 693 (1973).
The trial judge found that the defendant had not acted reasonably in light of all the circumstances in the particular case. His findings of fact were not clearly erroneous.
For all of the above reasons we find there was no error. The appeal is dismissed.