Welsh, J.
The defendant appeals the denial of its motion for involuntary dismissal under Mass. R. Civ. R, Rule 41(b) (2) made at the close of the plaintiff’s case and renewed at the close of all the evidence. The court entered judgment for the minor plaintiff and awarded damages in the amount of $9,500.00.
We determine there was error.
In acting upon a motion for involuntary dismissal pursuant to Mass. R. Civ. P, Rule 41(b) (2), the test is the same as a motion for a directed verdict, i.e., whether in the evidence any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff. Anthony H. v.John G., 415 Mass. 196, 199 (1993); Fredericks v. Rosenblatt, 40 Mass. App. Ct. 713, 714 (1996).
The minor plaintiff, a three-and-a-half-year-old girl, was standing close to her father in the area of a customers’ service desk at Shaw’s Supermarket. There were *98 stanchions used to channelize people waiting for assistance at the customers’ service desk. She began playing with one of the stanchions with her hands, inserting her fingers into the holes in the stanchion. There was no evidence of a defect in the stanchion or any condition posing a danger to people who might come into contact with the stanchion. The child’s finger became temporarily lodged in the hole causing her to fall backward with the result that the stanchion fell, injuring the ring finger of her left hand. The plaintiff’s father opined that there “must have been” a sharp object of some sort in the hole. There was no other evidence supporting this conjecture. See Polsinetti v. National Amusement, Inc., 1997 Mass. App. Div. 150, 151. No expert witness testified as to any conditions of the stanchions or other circumstances that would warrant a finding that it was inherently dangerous. Compare: Holding v. Toys “R” Us, 1997 Mass. App. Div. 76, 77 with Weaver v. Roche Bros. Supermarket, Inc., 1998 Mass. App. Div. 26, 27.
This is not an appropriate case for the application of the doctrine of res ipsa loquitur. The doctrine known at res ipsa loquitur permits the trier of fact to draw an inference of negligence in the absence of a finding of a specific cause of the occurrence when the accident is of a kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including the conduct of the plaintiff are sufficiently eliminated by the evidence. Edwards v. Boland, 41 Mass. App. Ct. 375, 378 (1996). There was in this case neither expert testimony nor evidence that a trier of fact using common knowledge and experience might reasonably conclude that the mere occurrence of the accident shows negligence as a cause. Enrich v. Windmere Corp., 416 Mass. 83, 88 (1993). Unlike cases such as Wilson v. Honeywell, Inc., 403 Mass. 803 (1991) where an unattended garage door came down without warning and injured the plaintiff, id. at 807, there was evidence in this case that the plaintiff herself was playing with or tampering with the stanchion that caused her injuries. The doctrine of res ipsa loquitur is applicable only where the plaintiff sustains the burden of showing that under the circumstances, according to ordinary experience, the accident would not have happened except for the negligence of the defendant. Boyle v. Cambridge Gaslight Co., 331 Mass. 56, 63 (1954). Where as here, the cause of the accident is not shown to be within the exclusive control of the defendant, as for example, the manipulation of the stanchion by the plaintiff, the plaintiffs burden of showing its application has not been met.
It cannot be gainsaid that the mere happening of an accident is not evidence of negligence. To support a finding of liability based upon res ipsa loquitur, there must be an unusual occurrence or other circumstances from which a trier of fact could reasonably infer that the accident is of a kind that would not have happened in the ordinary course of events unless there was negligence by the defendant. Osborne v. Hemenway Transport, 28 Mass. App. Ct. 944, 945 (1990). No such circumstances were present in this case demonstrating that it was more probable than not that a hazardous condition would have become apparent upon a reasonable inspection. Simply stated, the doctrine of res ipsa loquitur does no more than recognize that negligence and causation, like other facts, may be established by circumstantial evidence. Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 235 (1975). The doctrine does not dispense with the requirement of showing negligence; it merely alleviates the plaintiff’s burden of showing the exact manner in which the defendant was negligent in cases where the instrumentality is in the sole control of the defendant and the other conditions for its application are met.
Finally, the plaintiff argues that the judge was entitled to infer that had the same stanchion which was involved in the injury been produced, it would have been harmful to the defendant’s case, under tire “spoliation of evidence” theory. There was no evidence that the defendant deliberately or negligently made the stanchion unavailable. Nor did the trial judge make findings to that effect. Apart from that, *99 the defendant did not seek to introduce expert testimony based upon an examination of the missing stanchion thus creating an uneven playing field. Compare Nally v. Volkswagen of America, Inc., 401 Mass. 191, 198 (1989).
It is ordered that judgment enter dismissing the complaint.
So ordered.