Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C appeal by the defendant of the trial court’s judgment for the plaintiff on her negligence claim. The defendant contends that such judgment was unsupported by the evidence presented at trial.
Plaintiff Mary Pierce was injured when a high chair in the defendant’s store fell from a display, striking her across the bridge of her nose. The high chairs were placed on a display shelf a few inches off the floor. The defendant had placed the price tag on the high chair below eye level. When the plaintiff squatted down and lifted the bottom of the tag, the high chair fell forward from the display shelf.
The trial court determined that the chair had been placed on the shelf in such a way as to render it unstable upon even slight contact. The trial court found, as a matter of fact, that the display shelf was so slightly wider than the chair that even the most modest movement by an employee or customer would leave the chair precariously, but not obviously or noticeably, perched over the edge of the shelf and susceptible to tipping on even the slightest pressure.
The defendant argues that the trial court’s denial of both its Mass. R. Civ. R, Rule 41 (b) (2) motion for involuntary dismissal and Mass. R. Civ. R, Rule 64A(b) (2) request for a ruling that the evidence required a finding in the defendant’s favor was error because the evidence was insufficient as a matter of law to permit a finding that the defendant was negligent. Negligence is a question of fact for a trial court which may be resolved in the plaintiff’s favor upon proof that the defendant’s breach of a duty owed to the plaintiff was the proximate cause of the plaintiff’s inju *136 ries. Griffin v. First Nat’l Stores, Inc., 353 Mass. 770, 771 (1968). As a business owner, the defendant herein owed a duty of ordinary care to its patrons to maintain the store premises in a reasonably safe condition, and to warn against any danger of which patrons were unaware but which was known or should have been known to the defendant. Altman v. Barron’s, Inc., 343 Mass. 43, 46-47 (1961); Draper v. Kids “R" Us, 1996 Mass. App. Div. 27, 28. Liability in negligence may be found when the plaintiffs injuries resulted from a dangerous condition on the premises which the defendant either created, had actual knowledge of, or should have become aware of and remedied in the exercise of reasonable care. Deagle v. Great Atlantic & Pac. Tea Co., 343 Mass. 263, 265 (1961); Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1988).
In this case, there was sufficient evidence to permit the reasonable inference that the precarious placement of the high chairs on the store display shelf was the proximate catise of the injuries sustained by the plaintiff. The plaintiff's mother testified that prior to her daughter’s injury, she had tried to remove a tray from another high chair and the high chair fell off the shelf. Her uncontested testimony was that the shelves were too small to accommodate the high chair display.
The mother’s testimony that the high chairs were precariously, but not noticeably, perched over the edge of the shelf and susceptible to tipping upon even the slightest pressure was corroborated by photographs of the display presented at trial. The photographs, which show the unstable placement of the high chairs on a shelf that was not wide enough to hold them, constituted additional evidence supporting the trial court’s finding of negligence. See Chester v. Medford, 1994 Mass. App. Div. 69, 69-70; Martin v. Harry E. Dillon, Inc., 1991 Mass. App. Div. 184, 186.
Further, the defendant’s own employees stated that the display was for customer inspection and that the high chairs were not fastened to the shelf. Particularly in view of the implied invitation to patrons to touch and inspect the high chairs, evidence that the placement of the chairs rendered them susceptible to tipping over upon even a slight touch permitted a finding that the chair display posed a danger to patrons. In short, there was sufficient evidence that the defendant was negligent in creating a reasonably foreseeable, dangerous condition on its premises which proximately caused the injuries sustained by plaintiff Mary Pierce. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-167 (1973).
Accordingly, the court’s judgment is affirmed. Appeal dismissed.
So ordered.