Fremont-Smith, J.
In this case, plaintiff seeks damages for a serious personal injury sustained in the eye of this sixteen-year-old boy when, with some friends, he had entered into an underground tunnel located on town land at Fort Ruckman at the rear of Bailey’s Hill in Nahant. The tunnels have metal bars protruding from the ceiling, one of which struck Shane Silva (“Shane”) in his eye. It is alleged that the town had been aware of the dangerous condition but had negligently failed to properly maintain, illuminate or otherwise safeguard it from children, and is alleged to be liable pursuant to G.L.c. 258 §4 (Count I), G.L.c. 231 §85Q (Count II), and under Common Law for willful, wanton and reckless conduct (Count III).
It is not disputed that the town was the entity which maintained the area in which plaintiff was injured, and that the town was aware that the opening to the tunnel was hazardous by reason of the protruding bars — a condition which it could readily have remedied.
Although a landowner is not ordinarily liable for negligence to trespassers, an exception to that rule is contained in c. 231, §85Q, the so-called “attractive nuisance" statute, which makes a landowner liable for failure to exercise reasonable care to eliminate or otherwise to protect children, at a place where the landowner knows or has reason to know that children are likely to trespass, where the condition is one which the landowner knows or has reason to know will involve an unreasonable risk of serious bodily injury to children, where a child, because of his youth, does not discover the condition or realize the risk, where the burden of eliminating the danger is slight compared to the risk involved, and the landowner fails to exercise reasonable care to eliminate the danger or otherwise protect the children.
Here, the town contends that the testimony of the injured child at his deposition is so clear that there can be no dispute of material fact that he knew of the dangerous condition and realized the risk he took when he entered the tunnel. Accordingly, defendant urges that summary judgment should be granted with respect to all Counts of the complaint except Count III, which alleges willful and wanton conduct on the part of the town.
It is true that in Puskey v. Western Massachusetts Electric Co., 21 Mass.App.Ct. 972 (1986), the Court affirmed the allowance of a motion for summary judgment for the defendant. In that case, a fifteen-year-old boy suffered burns from electric shock when he climbed a power transmission line tower belonging to defendant, it being alleged that defendant was negligent in permitting the climbing pegs on its tower to come within 2’ 7" of the transmission line. However, as pointed out by the Court, the wrongful conduct of the trespassing child was much more egregious than in the case at bar, and the indication of negligence by the defendant in that case was much less than in the present one. Unlike the situation here, the electric tower bore signs that said “Injurious — Keep Away,” and the defendant had placed wire barriers around transmission towers that were easily accessible. To reach the footholds on the tower, plaintiff had to scale a 4’ concrete base and clamber up 9’ of crossbeams, where he could hear a humming noise from the wires as he climbed close to 50’ high. In those circumstances, the Appeals Court affirmed the Trial Court’s finding that the teenager must, as a matter of law, have actually appreciated the particular hazard. The Court did note, however, that the question whether a teenager actually appreciates a particular hazard, is ordinarily a question of fact, citing with approval Hoff v. Natural Ref. Prod. Co., 38 N.J.Super. 222, 236 (1955).
Here, there were no signs, warnings or barriers of any kind. While Shane admitted at his deposition that, while in the tunnel, he had ducked because he knew bars were sticking out and that if he ran into them, he could get seriously hurt, nothing in his deposition indicates that he realized the extent of the protuberance of the iron bars, or that he was likely to run into one even if he ducked, as he did do. In these circumstances, and on this limited summary judgment record, whether he actually appreciated the extent of the particular hazard is a question of fact. Puskey, supra; see also Jackson v. Leary, 1 Mass. L. Rptr. 305, 1993 WL 818727 (Mass. Super. 1993) (whether a child trespasser actually appreciated the full extent of the danger is a question of fact for the jury).
ORDER
Accordingly, defendant’s motion for summary judgment is DENIED.