Wright, J.
This is an action in negligence to recover for personal injuries suffered by the plaintiff in a fall on the defendant’s business premises. Summary judgment was entered for the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
The Mass. R. Civ. P., Rule 56, materials before the motion judge included the pleadings, both parties’ answers to interrogatories, the plaintiffs 1995 recorded statement and the plaintiffs 1999 deposition testimony. Viewed in the light most favorable to the plaintiff, Bisson v. Eck, 430 Mass. 406, 407 (1999); Patsos v. First Albany Corp., 48 Mass. App. Ct. 266, 267 (1999), these materials indicated the following: On September 17, 1995, at 5:30 P.M., the plaintiff and her husband proceeded from the parking lot to the entrance of the defendant’s Home Depot store in Tewksbury, Massachusetts. There are large entrance and exit vestibules on the outside of the store.
The plaintiff initially attempted to enter the exit door and then, realizing her mistake, walked out from the exit around that vestibule toward the entrance vestibule, along the sidewalk at the edge where it joins the parking lot pavement. At a point midway between the two vestibules, the plaintiff slipped and fell on what she described as a wet, soggy piece of doubled-over cardboard, saturated with rain water. At the time in question, it was “very, very rainy” and “extremely windy,” with “torrential downpours” and “whipping” wind so strong that “the trees were blowing” around and the umbrella the plaintiff was holding was carried off. There were no names or markings on the cardboard to identify its origin. The plaintiff described the cardboard as “big,” but was unable to give any specific indication of its size. She did not see any other pieces of cardboard in the area at that point. She did see a store employee dressed in yellow rain gear who approached her from the exit door and apparently witnessed her accident.
The plaintiff suffered injuries to her foot and ankle, was helped into the store by her husband, and completed an accident report. When she left the store approximately fifteen minutes later, she noticed additional pieces of wet cardboard scat *193 tered around near the entrance/exit vestibules. A week after the accident, the plaintiff called the store to request an authorization for medical services. She was treated thereafter.
1. The plaintiffs claim is governed by basic tort principles recited in legions of slip and fall cases in this Commonwealth, and most recently reiterated by this Division in Muse v. Foodmaster Super Market, 2000 Mass. App. Div. 137 (May 19, 2000). Simply stated, the defendant owed the plaintiff a duty to maintain its store premises in a reasonably safe condition, Davis v. Westwood Group, 420 Mass. 739, 743 (1995); Pierce v. Toys “R” Us-Mass., Inc., 1998 Mass. App. Div. 135, 136, but was not obligated “to supply a place of maximum safety.” Lyon v. Morphew, 424 Mass. 828, 833 (1997), quoting from Toubiana v. Priestly, 402 Mass. 84, 88 (1988). To recover against the defendant for a breach of its duty, the burden was on the plaintiff to prove by a preponderance of the evidence that her injuries were proximately caused by an unsafe condition which the defendant created, had actual knowledge of, or should have discovered and corrected in the exercise of ordinary care. Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1988).
2. The parties’ Rule 56 materials are devoid of any evidence that the defendant or its employees either placed or dropped the wet cardboard in the parking lot, or were actually aware of its presence prior to the plaintiffs fall. It was thus incumbent upon the plaintiff to establish that the cardboard had been on the ground for a sufficient period of time for the defendant to have discovered and removed it before her accident. Briggs v. Taylor, 397 Mass. 1010, 1010-1011 (1986); Holding v. Toys “R” Us, 1997 Mass. App. Div. 76, 76-77. ‘The law affords the defendant a reasonable length of time for inspection and repair because the defendant is not required to insure his patron’s safety; his duty is one of ordinary care, not strict liability.” Draper v. Kids “R” Us, 1996 Mass. App. Div. 27, 28, citing Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563 (1955).
There was no direct evidence of the length of time the particular piece of cardboard had been on the defendant’s premises. As to circumstantial evidence, the plaintiffs characterization of the cardboard as wet and soggy, without more, was insufficient to permit a reasonable inference as to time, see Maguire v. William Filene’s Sons Co., 342 Mass. 776 (1961) (description of dirty, wet, grayish paper bag insufficient to establish length of time bag was in store vestibule), particularly in view of the torrential rains on the date in question. See Faulkner v. J.H. Corcoran & Co., 342 Mass. 94, 95-96 (1961) (wet, slimy store entranceway with “mud all over” on rainy day insufficient to prove duration of floor condition). The plaintiffs remaining descriptions of very strong winds, and of scattered pieces of additional cardboard in the area which had not been there at the time of her fall only fifteen minutes earlier, suggested that bits of materials of unknown origin were being blown around by the heavy storm. The evidence did not establish that the cardboard in question had been in the location of her fall long enough for the defendant to have discovered and removed it.
Nor did the plaintiff offer specific facts demonstrating an “opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties.” Deagle v. Great Atlantic & Pac. Tea Co., 343 Mass. 263, 265 (1961). Even assuming in the plaintiffs favor that the single employee she observed dressed in rain gear and emerging from the exit was actually on duty and assigned to the store’s parking lot at the time in question, that area is described in the plaintiffs brief as larger than a football field. Further, there is no evidence in the record as to the particular duties of the employee. In short, there is no basis for a reasonable inference that the single individual in question should, in the normal course of whatever his *194 work was, have discovered one piece of cardboard of indeterminate size located not at an exit or entrance door, but at a point midway between, and outside of, the entrance/exit vestibules. Compare, e.g., Gallagher v. Stop & Shop, Inc., supra at 563 (melted ice cream located at exit door through which all customers had to pass); Connair v. J.H. Beattie Co., 298 Mass. 550 (1937) (clotted, dusty mass of vegetables on floor within plain sight of three clerks working behind counter facing debris), Wallace v. Building 19, Inc., 1996 Mass. App. Div. 8 (slippery substance within 3 to 5 steps of check out counter and easily seen by cashiers).
3. As the Rule 56 materials herein demonstrate that the plaintiff had “no reasonable expectation” of establishing an essential element of her negligence claim, the defendant’s motion for summary judgment was properly allowed. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). See Hall v. Waltham Post No. 156, 1998 Mass. App. Div. 276, 277.
Summaiy judgment for the defendant is affirmed. The plaintiff s appeal is dismissed.
So ordered.