Ripps, J.
This appeal, pursuant to Dist/Mun. Cts. R A. D. A., Rule 8C, concerns whether, in this contract action to credit a bank deposit the judge should have allowed the defendant’s Motions to Dismiss filed pre-trial, at the close of the plaintiff s case, and after the close of all evidence, pursuant to M. R C. E, Rule 41(b) (2), on the ground that the plaintiffs claim was barred by G.L.c. 260, §2, the six-year contract statute of limitations.[1] The defendant also claims error in the judge’s finding for the plaintiff that the defendant, Worcester Federal Credit Union, failed to credit a $10,000 cash deposit to his account
The plaintiffs initial complaint, filed June 24,1996, alleged that in 1988 or 1989, he made a $10,000 cash deposit which was not credited to his account at the Worcester Federal Credit Union. Two amended complaints later, on January 29, 1999, he asserted that he deposited the monies during the Spring, 1992.
By way of a pre-trial Motion to Dismiss, the defendant claimed that the plaintiffs action was barred by the statute of limitations because the plaintiffs initial complaint and first amended complaint alleged that he deposited the monies with the defendant in 1988 or 1989 and the action was filed in 1996. Because “[a]ll allegations of the complaint must he taken as true ...” Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), once the plaintiff amended the complaint to allege the 1992 deposit, he had a “claim which would entitle him to relief” Nader v. Cintron, 372 Mass. 96, 98 (1977), and therefore, the judge did not err in denying the pre-trial Motion to Dismiss.
Ihe defendant renewed its Motion to Dismiss pursuant to M. R C. R, Ride 41(2) (b)[2], at the close of the plaintiffs case, and at the close of all evidence. “Inact-ing upon a motion for involuntary dismissal pursuant to M. R C. E, Rule 41(b) (2), the test is the same as a motion for a directed verdict, i.e., whether in the evidence any combination of circumstances could be found from which a reasonable inference could he drawn in favor of the plaintiff.” Hemenway v. Shaw’s Supermarket, Inc., 1998 Mass. App. Div. 97, quoting Anthony H. v. John G., 415 Mass. 196, 199 (1993). Worcester Federal argued that the evidence was insufficient to show Mr. Podles made the deposit, but if it was made, the evidence compelled the judge to find it was made in 1988 or 1989, and therefore, the action was barred by the con *247 tract statute of limitation.
The judge could have found the following facts based upon the evidence. During the Spring of 1992, the plaintiff had saved $10,000 cash at home from pension checks, government bonds and strawberry sales. He counted the money into $1,000 stacks and took it to the Worcester Federal Credit Union on Southbridge Street, Worcester, to deposit in his account which contained about $220,000. He and credit union employee Carol Zmayesfsky counted the money and agreed it added up to $10,000. Mr. Podles requested a receipt Ms. Zmayesfsky said that the money had to be re-counted by Helen Rivenider and thereafter he would be sent a receipt Because he had banked with the credit union for forty-four years and trusted it, he left
Soon thereafter, John Selen, the Worcester Federal CEO, called the plaintiff and told him that Helen Rivenider counted the money and said the total was $7,000, not $10,000. Mr. Selen by way of his October 15,1998 deposition (Plaintiffs Exhibit 1), said that he believed the plaintiff because “you couldn’t meet a better, more honest person than Walter Podles.” (App. 183), and, “If he said it was $10,000, ifs true.” (App. 186).
The trial judge determines the facts from the evidence and witnesses presented at the trial and may believe or disbelieve any or all of the testimony and exhibits, even if uncontradicted. Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 97. “If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” M, quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993). The judge apparently chose to believe 76-year-old Mr. Podles that the deposit was made in the Spring of 1992, or even the Spring of 1991 (App. 223). Therefore, the deposit was made within six years of the 1996 fling of the complaint, was within the statute of limitations, and the judge did not err in denying the Motions to Dismiss.[3]
*248 At the close of the trial, no Requests for Rulings were filed. On January 4,2001, the judge filed a document entitled “FINDING” in which he wrote: “After Trial, Judgment for the Plaintiff in the amount of $10,000.00.” The defendant claims to appeal this general finding for the plaintiff. Where there are no requests for rulings filed by the defendant pursuant to M. R C. P., Rule 64A, a mere objection to, or charge of error in, the trial court’s general finding for the plaintiff presents no question for appellate review. Ducker v. Ducker, 1997 Mass. App. Div. 147. McDonough v. Ferrari Pool N’ Patio, 2000 Mass. App. Div. 100, 101. Because the judge could have relied on identical evidence to deny the Motions to Dismiss and find for the plaintiff, we are satisfied that the judge did not commit error.
As a result, the judgment is Affirmed and the appeal is Dismissed.

 “Actions of contract... founded upon contracts or liabilities, express or implied ... shall ... be commenced only within six years next after the cause of action accrues.”

 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

 In support thereof, the defendant argued that the plaintiff originally said in his complaint that he made the deposit in 1988 or 1989, that the defendant notified the plaintiffs attorney of the statute of limitations problem, and that in response the plaintiff filed his 2nd and 3rd Amended Complaints changing the deposit date to Spring, 1992.
The defendant also attempted to show that the deposit had to be made sometime before May 27,1988, by introducing a document purporting to be the attendance record of Helen Rivenider to show that she retired on that date. (Defendanf s Exhibit 11). The judge apparently chose not to credit the attendance record, which had little to authenticate it Another credit union employee testified about when Ms. Rivenider retired. The judge could choose not believe his testimony, as he was an employee of the defendant
Further, the defendant argued that if John Selen had a conversation with Helen Rivenider about the deposit then it had to be when she was employed by the defendant prior to May 27,1988, the day she retired. Also, the defendant introduced a death certificate for a Helen Dorothy Rivenider, who died on April 5,1992. (Defendants Exhibit 12). If the judge believed that it was the same Helen Rivenider who John Selen had spoken to within days of the deposit and that she did die in April, 1992, the judge could have also believed Selen when he said in his deposition that file conversation with her could have taken place a little more than over a year before she died. (App. 208, John Selen Deposition, p. 45). That could date the conversation to March 1991, also within six years from tiie fifing of the action.
The defendant further claimed that the credit union had moved its operations to a different location, so that Mr. Podles was mistaken as to the time and place of the deposit Again, the judge could have believed Mr. Podles or Mr. Selen who said that the credit union was still doing business at the Southbridge Street branch at the time when Mr. Podles testified he made the deposit