HELEN C. ALLEN *vs.* ALBERT ZALLEN CO., INC. March 8, 1960. Exceptions overruled. In this action of tort it appeared from the evidence that on February 7, 1958, the defendant operated a restaurant and delicatessen store at 1924A Beacon Street, Brighton. For at least a year before, there had been a rubber mat on the floor of the store just inside the entrance. This mat was about three feet wide, five feet long, and between one quarter and one half inch thick. It rested on the floor with its end at the door and it was moveable. There had been snow, sleet and rain that day. The plaintiff, who was about seventy-four years old, entered this store about 7 P.M. She was wearing overshoes. As she entered through the right hand door which swung out, her right foot caught under the end of the mat nearer the door. The rug looked as though it had moved up over the threshold of the doorway so that the end of it became rolled up about two and one half inches. As a result the plaintiff fell and sustained injury. Immediately after she fell she noticed a clean white line on the floor of the store in front of the end of the mat farther from the door. It ran from one side of the mat to the other. The rest of the floor was dirty. There was evidence from an employee of the defendant that the floor of the store had been washed with a mop at about 4 P.M. that day and that between 4 P.M. and 7 P.M. about one hundred seventy-five customers had entered the store leaving the floor "pretty dirty . . . just from tracks from boots." The action comes here upon the exception of the plaintiff to the allowance of a motion for a directed verdict for the defendant. There was no error. The rule has been well established that the duty which the defendant owed to the plaintiff in these circumstances was to use reasonable care to keep in a safe condition that part of the premises to which she was invited or at least to warn her of dangers not known to her or obvious to a person of ordinary intelligence, which either were known or should have been known to the defendant in the exercise of reasonable care. There was no evidence that the position of the mat was known or should have been known by any of the employees of the defendant in the exercise of reasonable care. There was likewise no evidence as to how, when, and for how long the mat had been curled up. It is fair to infer, from the clean, white line at the end of the mat with a dirty floor all around it, that the mat had moved toward the doorway but a very brief time before the accident happened and it does not appear how that movement occurred. We are of opinion that this action is governed by cases like *Foote* v. *Waltham Netoco Theatres, Inc.* 314 Mass. 674, 676, *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, 743, and *Uchman* v. *Polish Natl. Home, Inc.* 330 Mass. 563, 565.

*John M. Bashaw,* for the plaintiff.

*James D. Casey,* for the defendant.