IDA DEAGLE *vs.* THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

Middlesex.     October 4, 1961. — December 1, 1961.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Negligence,* Store, Slippery substance.

Evidence that a customer of a store, while standing in line near a cash register for "three to five minutes," saw no one go up an aisle behind her, that she walked up the aisle and fell fifteen feet away from the cash register on a "large blotch" of pine oil which had come from a broken pint bottle found under a shelf out of sight of the cash register operator, and that it was "possible" for the operator to have seen the spot where she fell, did not warrant a finding of negligence toward her on the part of the proprietor of the store.

TORT.     Writ in the Superior Court dated March 17, 1958. The action was tried before *Swift,* J.

*Charles W. O'Brien,* for the defendant.

*Richard E. Wood,* for the plaintiff.

KIRK, J.     The plaintiff, a business invitee of the defendant, was awarded damages by a jury for injuries sustained by her in a fall in the defendant's self-service store.     The defendant excepted to the denial by the judge of its motion for a directed verdict and to certain portions of the judge's charge.

The jury could have found the following facts.     The plaintiff arrived at the store about 11 A.M. and, after shop-

ping in the store for twenty or twenty-five minutes, went to the front of the store and took her place third or fourth in a line of customers near a cash register where an employee of the defendant was checking out purchases. The cash register was directly in front of and fifteen feet away from the spot in the aisle where the plaintiff later fell. While the plaintiff was standing in line for three to five minutes, she looked up the aisle behind her and saw no one go up the aisle. The plaintiff then walked nearly halfway up the aisle, and had a "terrific fall"; she fell on her spine in a sitting position; she put her hand on the wooden floor; it was slippery; there was oil there which had a very strong odor of pine. The plaintiff lay down on her left side facing the shelves; she could see plenty of oil; the floor from the bottom shelf to the middle of the aisle was covered with a "large blotch" of oil. Under the shelf about an arm's length from the plaintiff's face was an empty broken pint bottle with a pine oil label. Pine oil was on display on the shelves of the aisle where the plaintiff was lying. There was also a large box of "Fab" between the plaintiff and the broken bottle, and the bottom of the box was wet with oil.

The plaintiff testified that the oil "had time enough to get around everywhere" and that she felt a great deal of it beneath her when she fell. The manager of the defendant testified that "it is possible that he could have seen the spot, if he had been working on the cash register."

The defendant's motion should have been allowed. "The defendant owed to customers a duty to keep the premises reasonably safe for their use. He, however, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a case, unless he is negligent in failing to inform himself and to take appropriate action." *White* v. *Mugar*, 280 Mass. 73, 75, and cases cited.

The jury were warranted in finding that a dangerous condition in the defendant's store caused the injury to the

plaintiff. There was no evidence, however, that the dangerous condition was caused by a person for whose conduct the defendant was responsible or that the defendant's employees knew of the condition. In this state of the case it was incumbent upon the plaintiff to show that the oil had been on the floor for such a length of time that the defendant's employees, in the exercise of reasonable care, should have been aware of its presence and taken steps to remove it or to warn the customers. *Foley* v. *Hotel Touraine Co.* 326 Mass. 742, 743.

The length of time the law allows to the defendant for discovery and removal or warning of the dangerous condition is governed by the circumstances of each case. To a large extent it depends upon the opportunity for discovery open to the defendant's employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties. See *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560, 563–564. The decisive issues, therefore, are the length of time the condition is present and the opportunity for discovery on the facts of the case.

There was no direct evidence here as to when the bottle of pine oil was broken. The record discloses no description of the appearance of the oil which would in any way suggest that it had been on the floor for a sufficient length of time to have been discovered. *Caro* v. *F. W. Woolworth Co.* 342 Mass. 155, 156–157, and cases cited. Compare *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234; *Gallagher* v. *Stop & Shop, Inc.* 332 Mass. 560, 563. The size of the "large blotch" is not decisive for the oil could have covered an area so described within a few seconds or a few minutes. Nor in our opinion is much light shed on this issue by the testimony of the plaintiff that she saw no one go up the aisle back of her during the "three to five minutes" she stood in the line of customers near the cash register.

With regard to the opportunity for discovery, while it was "possible" for the nearest employee (at the cash reg-

ister) to have seen the spot in the aisle where the plaintiff fell, there was no evidence that the "blotch" of oil was in his direct line of vision or within his plain view or that in the course of checking out customers he would have had occasion to look in the direction of the spot. Compare *Foley* v. *F. W. Woolworth Co., supra; Gallagher* v. *Stop & Shop, Inc., supra.* In this regard, it is significant that the broken bottle was not in the aisle but under the shelf, out of the employee's sight.

Although we must consider the evidence in the light most favorable to the plaintiff, the burden is, nevertheless, on the plaintiff to show by a preponderance of the evidence that the defendant was negligent. On the evidence here we think that the negligence of the defendant is left to conjecture. In view of this, it is unnecessary to consider the defendant's exceptions to the charge.

*Exceptions sustained.*
*Judgment for the defendant.*