Gelinas, J.
Defendant-Appellant Shaw’s Supermarket, Inc. asks this court to find error in a trial justice’s denial of a requested ruling that “upon all the evidence a finding is required that defendant was not negligent.” We find no error and dismiss the report. After trial the justice found facts as follows:
1. On November 10,1991, plaintiff, Josephine Silvia, was a customer of Shaw’s Supermarket located at 50 Boston Turnpike, Shrewsbury, MA.
2. As the plaintiff entered the store, she proceeded through two electrically operated doors, down thirty feet of entryway and selected a cart from a cart area.
3. She turned and proceeded into store where a puddle of water with leaves had formed due to inclement weather and being brought in by the wheels of the carriages. Storage of carriages by the store near this area contributed to the accumu *186 lation of water.
4. No protective mats were placed in the area of the puddle.
5. Plaintiff slipped in the puddle of water and leaves, falling on her shopping carriage, causing permanent injury to her thumb.
6. Plaintiff lost work for three weeks and has only fifty percent mobility in her thumb as a result of the accident.
A request for ruling requiring a finding “based on all of the evidence” is properly denied if there is any evidence which, if believed, is adverse to such finding or permits an inference of the existence of fact adverse to such finding, Haverhill Builders Supply, Inc. v. Ortins, 58 Mass. App. Dec. 65 (1976).
Proof of tire defendant’s breach of due care or negligence in maintaining a defective or dangerous condition on its premises which causes injury requires evidence that the dangerous condition was caused by a person for whose conduct the defendant was responsible or that the defendant’s employees knew of the condition or that the condition had been on the floor for such a length of time that the defendant’s employees, in the exercise of reasonable care, should have been aware of its presence and taken steps to remove it or to warn the customers. Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961).
While the record reveals no evidence to support a finding that the accumulation of water and leaves existed a sufficient length of time to have been discarded and removed, see Deagle v. Great Atlantic and Pacific Tea Co., supra and Gallagher v. Stop & Shop, Inc., 332 Mass. 560 (1955), Thornton v. First Nat'l Stores, Inc., 340 Mass. 222 (1960), Faulkner v. J.H. Corcoran & Co., 342 Mass. 94 (1961), Ella Kirmes v. The Stop & Shop Companies, Inc., 1992 Mass. App. Dec. 196, a finding that storage of carriages by the store near the area contributed to the accumulation of water could permit the inference that the dangerous condition was caused by a person for whose conduct the defendant was responsible, Deagle v. Great Atlantic & Pacific Tea Co., supra. The trial judge intimated as much by indicating that he was distinguishing this case from the decision in Moors v. Boston Elevated Railroad, 305 Mass. 81 (1910).
Based on the foregoing this court cannot say that denial of the requested ruling, requiring a finding for the defendant, was clearly in error. The report must be dismissed.