Crimmins, J.
This is an action in negligence to recover for injuries sustained when plaintiff fell on ice and snow at defendant’s Weymouth supermarket. At trial the judge found for the plaintiff, John Anderson (hereinafter “Anderson”) and awarded damages. On appeal the defendant, Shaw’s Supermarket, Inc.' (hereinafter “Shaw’s”) argues that the evidence presented at trial was insufficient to establish their negligence.
We agree and determine there was error.
Because the trial judge did not make any findings of fact our review is limited to whether a finding for the plaintiff can be sustained by any reasonable view of the evidence. Heil v. McCann, 360 Mass. 507, 511 (1971).
Viewing the evidence in a light most favorable to the plaintiff, the trier of fact could have reasonably inferred the following:
On February 2,1996, Anderson, a deliveryman for Entenmann’s Bakery, drove to Shaw’s Supermarket in Weymouth to make a delivery. It was snowing lightly and by the time he arrived approximately one quarter inch of snow had accumulated. Because the Weymouth supermarket was undergoing construction there was only one loading dock open. Anderson unloaded his truck, pulled away from the dock and parked his truck. He got out of his truck and began walking towards the loading dock. Anderson slipped and fell three feet from the stairs to the loading dock.
In order to establish negligence with respect to a slip and fall on ice or snow the plaintiff must prove that he fell on an unnatural accumulation of snow or ice. See Sullivan v. Brookline, 416 Mass. 825, 827 (1994); Aylward v. McCloskey, 412 Mass. 77, 80 (1992). A landowner is not negligent for failing to remove a natural accumulation of snow or ice. Aylward, supra, at 80. The law only imposes liability where “some act or failure to act has changed the condition of naturally accumulated snow and ice.” Id. at 80 n.3.
At trial there was no evidence presented which would establish that an unnatural accumulation of snow and ice existed on Shaw’s property. There was some speculation as to the source and make up of the snow and ice upon which Anderson fell. Anderson testified that as recently as one or two days before his fall he observed Shaw’s employees dumping buckets of ice from the deli cases onto the ground in the area where he fell. However, Anderson also testified that he did not know whether the ice he fell on was the result of the dumping of ice or the weather. Mere speculation is insufficient to establish a reasonable inference. See Poirier v. Plymouth, 374 Mass. 206, 212 (1978). Anderson’s own testimony is that he slipped while walking on a smooth area covered by half an inch of freshly fallen snow. There was no evidence from which an inference could be drawn that Shaw’s employees in their action or failure to act “changed the condition of naturally accu *24 mulated snow and ice.” Aylward, supra, at 80 n.3.
Having given full credit to all testimony introduced in favor of the plaintiff, we are still unable to say that the patch of snow and ice was anything other than a natural accumulation of snow and ice. The plaintiff failed to meet his burden at trial. As such, Shaw’s cannot be liable for Anderson’s injuries.
It is ordered that the judgment for the plaintiff be vacated and that judgment enter for the defendant.
So ordered.