Aguiar, J.
This appeal raises the issue of whether the trial court erred in finding the defendant negligent when there was no evidence that the defendant or its servants caused the foreign substance to be on the floor or that the defendant had actual knowledge of the existence of the foreign substance, or that the foreign substance was present for such a length of time that the defendant should have known about it.
We find there was error.
This is a case arising from a slip and fall accident which occurred at Shaw’s Supermarket in Brockton, MA on October 24,1995. The plaintiff was at the front of the store looking up at signs when she slipped and fell in clear fluid or clear water. After she fell the plaintiff saw two gentlemen down at the furthest end of the store come running toward her. The plaintiffs daughter observed some water on the floor and a skid mark left by her mother. The plaintiffs daughter saw no warning signs, nor did she observe anything else on the floor.
Defendant filed a motion to dismiss at the close of all the evidence which was denied by the court and judgment entered in favor of the plaintiff Mary O’Connor in the amount of $7,500.00 on December 16,1998.
The court found that:
(1) the plaintiff was lawfully on the premises owned and controlled by the defendant.
(2) The plaintiff was injured when she slipped and fell on an accumulation of water on the floor of said premises.
(3) The water was on the premises for such a period of time that the defendant knew or should have know of its existence and removed it. Thus, the defendant was negligent in failing to remove said substance.
(4) Two of the defendant’s employees were nearby, saw her fall and went to the plaintiff’s aid.
(5) A two foot skid mark was left on the floor as a result of the fall.
(6) No signs or warnings were present notifying the customers of the substance on the floor.
(7) The negligence of the defendant was the proximate cause of the plaintiff’s injuries and exceeded any negligence on the part of the plaintiff.
The defendant appealed on or about December 22,1998.
It is incumbent upon the plaintiff to show that a foreign substance has been on the floor for such a length of time that the defendant’s employees, in the exercise of reasonable care, should have been aware of it and warned the customers. Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263 (1961).
*136 The plaintiff presented evidence of clear water on the floor. There were no other substances or markings to permit an inference that the water had been present for an unreasonable length of time. The plaintiff presented no evidence of how that water got on the floor, who caused it to be there, the source of the water, or when the water was spilled. There was not a single shred of evidence to permit a finding that the water had been on the floor for such a period of time that the defendant knew or should have know of its existence and removed it as the judge indicated in his findings of fact.
The court’s finding that two employees were nearby is not accurate. The plaintiff testified the employees were at the furthest end of the store, and ran to her after she fell. The evidence is in opposition to the court’s finding of fact, and does not support his verdict for the plaintiff.
The evidence, taken in the light most favorable to the plaintiff, does not warrant a finding for the plaintiff.
For all of the above reasons, judgment for the plaintiff is vacated and judgment is entered for the defendant.