Creedon, J.
After trial on April 1,1999 before Judge Paul E. Ryan in Stoughton District Court, a finding and judgment for the appellee, “Clements,” was entered. The appellant, “Stop and Shop,” has appealed to this Court claiming seven errors of law, namely the following:
1. Incorrect denial of “Stop and Shop” Motion for Involuntary Dismissal pursuant to Mass. R. Civ. R, Rule 41(b) (2);
2. Erroneous denial of “Stop and Shop” Request for Rulings of Law pursuant to Mass. R. Civ. P, Rule 64A;
3. The Findings of Fact made by the court were clearly erroneous as a matter of law;
4. The Court’s denial of “Stop and Shop” requests for Findings of Fact was clearly erroneous;
5. The evidence was insufficient to support the Court’s judgment;
6. The Court erred in entering a judgment based upon medical records and bills which were not certified under G.L.c. 233, §79G;
7. The judgment was erroneous as a matter of law based upon the court’s findings.
We find there was error. The Findings of Fact were unsupported by the evidence. We reverse and order judgement for the defendant, “Stop and Shop.”
The case arose from a slip and fall on August 2,1997, at the “Stop and Shop” in Brockton, Massachusetts, on a foreign substance in or around the vegetable counter, which fall caused Clements’ injury. At trial the only witness was the plaintiff, Lorraine Clements.
The judge in his Findings of the Court stated:
1. ‘The plaintiff had slipped on a large accumulation of a thick clear substance. [The substance] was on the premises for such a period of time that the defendant knew or should have known of its existence and removed it.”
There was no evidence presented as to the size of the substance on the floor. The size of the substance was apparently important to the judge as it related to the “opportunity for discovery open to the defendant’s employees. ...” Deagle v. The First Atlantic and Pacific Tea Company, 343 Mass. 263, 265 (1961). Clements testified that she never saw what was on the floor either before or after the fall. The only possible inference as to the size of the substance was from her testimony that her pants were wet from the bottom to the knee and that a lot of paper towel was used in its removal from her pants. The judge’s inference that this required a large accumulation was not warranted by the evidence.
2. It is the burden of the plaintiff to show that the substance on the floor was there for a sufficient length of time. “... [I]t was incumbent upon the plaintiff to show that the oil had been on the floor for such a length of time that the defen *75 dant’s employees, in the exercise of reasonable care, should have been aware of its presence and taken steps to remove it or to warn the customers.” Deagle v. The Great Atlantic & Pacific Tea Company, supra at 265. There was no evidence presented at trial that would indicate, as the judge found, how long the substance was on the premises. The length of time on the floor and the opportunity for the defendant’s employees to discover the substance was entirely a matter of conjecture and speculation. The plaintiffs own testimony at pages 40 and 41 of the trial transcript indicated that the substance eventually hardened on her pants leg as opposed to its original texture which was wet and sticky. If it had not hardened on the floor, the inference that was reasonable from this evidence was that the substance had not been there even long enough to harden, thus eliminating any proof that it had been there long enough to be discovered by “Stop and Shop” employees.
In reviewing a nonjury case, the Appellate Court accepts the trial.judge’s Findings of Fact unless they are clearly erroneous, Jancey v. School Committee of Everett, 427 Mass. 603, 605 (1998). And as stated by the Massachusetts Appeals Court in Guardianship of Clyde, 44 Mass. App. Ct. 767, 774 (1998), “a finding is clearly erroneous when there is no evidence to support it, or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.”
The plaintiff had the burden of proving that the defendant caused the dangerous substance to be on the floor, or that it had been on the floor for so long that the defendant’s employees, in the exercise of reasonable care, should have been aware of its presence and taken steps to remove it. Deagle v. Great Atlantic and Pacific Tea Company, supra at 265. This court finds that there is no evidence to support the judge’s findings. The plaintiff failed in her burden of producing evidence that would warrant the judge’s findings. All of the evidence presented at trial was silent on the critical analysis necessary to find liability as illustrated in Deagle v. The Great Atlantic and Pacific Tea Company, supra. The judge in his findings, inferred the size of the accumulated substance, inferred from its size that the defendant’s employees must have caused it or should have seen it Lastly, the judge inferred that it had been there for some time. All of the above inferences were not reasonable in light of the evidence presented at trial and leaves us with that conviction that the finding is erroneous.
Accordingly, we reverse and order judgment for the appellant-defendant, The Stop and Shop Companies, Inc.