Sabra, J.
The defendant-appellant, Shaw’s Supermarkets, Inc. (hereinafter “Shaw’s”), appeals from a judgment for the plaintiffs, Darleen A. Stetson and Charles P. Stetson (hereinafter “plaintiffs”), after a jury-waived trial based upon a slip and fall incident involving Darlene Stetson. The trial judge found negligence on the part of the store and, on October 5,1999, rendered a judgment for the plaintiffs in the total amount of $19,500.00, which amount includes a $1000.00 judgment for Charles Stetson on his consortium claim. Shaw’s contends that the evidence presented in this case is insufficient to support a finding of negligence. We agree, and therefore vacate the trial court’s decision and enter judgment in favor of Shaw’s.
The facts elicited at trial are as follows: on July 19,1996, between 8:30 a.m. and 9:00 a.m., the plaintiff, Darleen Stetson, entered the Shaw’s Supermarket in Eas-ton, Massachusetts. Although it was not raining at the time the plaintiff entered the store, the weather was overcast and the parking lot damp from an earlier rain. The plaintiff walked along a floor mat upon entry, wiped her feet, took two to three steps off the mat toward the customer service counter where she was headed, and fell. After she fell, the plaintiff heard someone call to a “Mr. So-and-So,” and then observed two men standing in a doorway leading perhaps to the restroom area. She was helped to a nearby chair and then saw a wet spot on the floor, approximately six inches in diameter and of unknown depth, and with no tire marks or footprints in it. The wet spot was two to three feet from the plaintiff when she observed it. The plaintiff also saw floor cleaning machines in the same general area, either for rental or store uses, although none of the machines appeared to be in use.
In reviewing the finding of negligence by the trial judge, we consider the evidence and all rational inferences that may be derived therefrom taken in the light most favorable to the plaintiff. Anderson v. Shaw’s Supermarkets, Inc., 1999 Mass. App. Div. 23; O’Connor v. Shaw’s Supermarkets, Inc., 1999 Mass. App. Div. 135; Gottlin v. Graves, 40 Mass. App. Ct. 155 (1996); Moose v. Massachusetts Institute of Technology, 43 Mass. App. Ct. 420 (1997).
Where negligence is alleged on the basis of a foreign substance on the floor, a finding for the plaintiff must be based upon evidence that the defendant or its servants: (1) caused that foreign substance to be there, or (2) had actual knowledge of the presence of the substance on the floor, or knew or should have known of the presence of the substance due to the length of time it was present, and failed to exercise reasonable care to remove it or warn of its presence. Oliveri v. M.B.T.A., *152 363 Mass. 165, 167 (1973); Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263 (1961). As emphasized in Deagle, ‘The [store owes] to customers a duty to keep the premises reasonably safe for their use. [It], however, is not an insurer of safety. Where, without action for which [it] is responsible, a dangerous condition arises, the law allows [it] reasonable opportunity to become informed of the danger and to take measures to remedy it. [It] is not liable, in such a case, unless [it] is negligent in failing to inform [itself] and to take appropriate action.” Deagle, supra at 264; see also White v. Mugar, 280 Mass. 73 (1932) and cases cited.
The apparent basis for the finding of negligence by the trial judge in this case is the spot of clear liquid on the floor which the judge inferred was the cause of the plaintiffs slip and fall. In addition, the proximity of the two employees in the doorway near the service counter was significant to the trial judge in that he apparently inferred an ability on Shaw’s part to “know” of the foreign substance on the floor. The judge further found that “the accumulation of water by the second set of doors was on the said floor for such a period of time that the Defendant knew or should have known of its existence and remove[d] it.” The evidence, however, does not support a finding that the water spot caused the slip and fall or that, even if it had, it had been on the floor for a length of time which would have made it discoverable by Shaw’s.
With regard to causation, we note that the plaintiff could not say for certain that she had slipped on the water. She did not know what caused her to fall and only pointed to the small spot of water after the incident as a possible cause of the accident. Moreover, if she had slipped on the water the evidence would have shown the puddle to have been smeared and dispersed as a result of her fall, or would have shown her clothing to be wet, which was not the case. Even if the water spot had been the cause of the plaintiffs fall, there was no evidence of the length of time the water had been on the floor, nor any evidence of its source.
At best, the testimony described a six-inch wide spot of clear liquid which had no footprints through it, was not smeared or smudged with footprints or wheel prints, and, we think, was not shown to be present for any duration of time such that it should have been discovered by Shaw’s and removed. As recognized .repeatedly by the appellate courts, the facts of each case determine whether there was an opportunity for discovery of the foreign substance on the part of the defendant’s employees in the normal performance of their duties. See Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563-564 (1955); O’Leary v. Smith, 255 Mass. 121, 150 N.E. 878 (1926). Here, the facts do not support a finding that the water spot had been on the floor long enough for discovery by Shaw’s and do not allow for an inference that the water was the proximate cause of the plaintiffs injuries in any event.
Accordingly, the decision of the trial judge is vacated and judgment is to be entered for the defendant.
So ordered.