Wheatley, P.J.
While shopping at the defendants (the store) Quincy store, the plaintiff (Ms. Welby) received injuries from a slip-and-fall accident, and sued to recover damages. On July 14,1999, the trial court found negligence on the part of the store and rendered a judgment for the plaintiff for $28,000, from which judgment the store has taken this Dist/Mun. Cts. RADA, Rule 8C, appeal. We vacate the trial court’s decision and enter judgment in favor of Stop & Shop Supermarket Company.
The store raises three issues on this appeal: 1. whether there was sufficient evidence to support a finding of negligence on the store’s part; 2. whether the trial judge erred in admitting certain medical evidence; and 3. whether the trial judge erred in admitting Ms. Welb/s evidence of lost income and earning capacity. Our decision on the first issue obviates the necessity of deciding the second and third issues.
The trial judge found, inter alia, the following:
The store had very few customers during this period of time and there was no porter on duty. There was no credible evidence as to when the floor was cleaned or inspected. This was late at night and the spill of spaghetti was so large that the defendant’s employees should have seen this condition and remove (sic) the same. The spaghetti was on the floor of this premises for such a period of time that the defendant knew or should have known of its existence and removed it. The defendant was negligent in failing to remove said substance.
In reviewing the finding of negligence by the trial judge, we consider the evidence and all rational inferences that may be derived therefrom taken in the light most favorable to the plaintiff. Anderson v. Shaw’s Supermarkets, Inc., 1999 Mass. App. Div. 23; O’Connor v. Shaw’s Supermarkets, Inc., 1999 Mass. App. Div. 135; Gottlin v. Graves, 40 Mass. App. Ct. 155 (1996); Moose v. Massachusetts Institute of Technology, 43 Mass. App. Ct. 420 (1997).
“The [store owes] to customers a duty to keep the premises reasonably safe for their use. [It], however, is not an insurer of safety. Where, without action for which [it] is responsible, a dangerous condition arises, the law allows [it] reasonable opportunity to become informed of the danger and to take measures to remedy it. [It] is not liable, *266 in such a case, unless [it] is negligent in failing to inform [itself] and to take appropriate action.” Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263 (1961), at 264, 178 N.E.2d 286. White v. Mugar, 280 Mass. 73, 75, and cases cited. For negligence to be attributable to the store in this case, there must be sufficient evidence to support a finding that the store caused the spaghetti spill, or that the spaghetti was “... on the floor for such a length of time that the defendant’s employees, in the exercise of reasonable care, should have been aware of its presence and taken steps to remove it or to warn the customers.” Deagle, supra, at 265. (Ihe court held that it was incumbent on the plaintiff to show that the substance had been on the floor for a length of time sufficient to indicate that the defendant should have been aware of its existence.) The record here is devoid of any evidence of either of these scenarios.
Ms. Welby testified that, on September 21,1994, in the evening, she and a friend went to the store at about 9:00 p.m.; that as she entered an aisle, she saw the item which she was seeking. As she walked towards the shelf containing the item, her feet hit something and she started to roll, there was nothing to grab and she fell. She and another witness verified that she had fallen on spaghetti which covered an area of the floor that was approximately two feet wide and from six to ten feet in length. The amount approximated the contents of a one-pound box, although there was no open box in view.
Ms. Welby further stated that she did not see the spaghetti before she fell, that she did not know how it got on the floor nor who put it there, and she did not know how long the spaghetti had been there. At the time there were “not many people in the store” and she did not, prior to her fall, see any employees. According to testimony, there were two women at the courtesy desk, and two other employees at the cash registers at the front of the store. After she fell, a witness ran to the front and “yelled across the aisle” that someone had fallen and needed help.
The length of time the law allows to the defendant for discovery and removal or warning of the dangerous condition is governed by the circumstances of each case.[1] To a large extent it depends upon the opportunity for discovery open to the defendant’s employees by reason of their number, their physical proximity to the condition in question, and, in general, the likelihood that they would become aware of the condition in the normal performance of their duties. See Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563-564; O’Leary v. Smith, 255 Mass. 121, 150 N.E. 878 (1926). The trial judge based his finding of negligence on the size of the spill of spaghetti and the length of time it had been on the floor. Size, as a criterion, is not borne out by case law, and the record reflects no evidence of the length of time the spill was on the floor.
In O’Leary, supra, the plaintiff slipped in the vestibule of Smith’s restaurant at 7 a.m. on a reddish-brown substance “that looked like apple pie.” The manager said that he had not had time to look around and clean up, that he was short of help, that he’d known that the place had not been taken care of, that he would have cleaned up but they were very busy, and that the place was usually cleaned one or two times a day, but he didn’t think it had been cleaned the night before. The Court, in accepting this evidence as true in ruling favorably on the defendant's motion for directed verdict, said, “The difficulty with [the position of no set cleaning schedule] is that there is no evidence that the substance was there to be removed if the vestibule had been cleaned at the time the defendant usually cleaned up; and there was no evidence that the substance had been on the floor a sufficient length of time for the defendant to discover it in the performance of his duty to see that the place was reasonably safe for his customers.” The decisive issue, therefore, is the length of time the condition is present and the opportunity for discovery of its existence by the defendant, as determined by the facts of the case. O’Leary, supra, at 123, and case cited.
*267 The evidence in the case at bar as to proximity of store employees to the accident area, and the length of time which the spaghetti was on the floor, is completely lacking. There is nothing on which the plaintiff could rely to support a finding of negligence on the part of the defendant.
Accordingly, the decision of the trial judge is vacated and judgment is to be entered for the defendant.
So ordered.

 We do not here attempt to analyze every case submitted by the parties in their briefs. “[W]hether a case falls on one side of the line or the other is often difficult and some of the cases cited ... [in the opinion] are so close that opinions may well differ.” Vance v. Gould, 355 Mass. 104 (1968), at 105, 243 N.E.2d 165.