Forde, J.
The plaintiff-appellee Eleanor L. Smith (“Mrs. Smith”) filed a tort claim against the defendant-appellant Burger King Corporation (“Burger King”) for injuries sustained by Mrs. Smith when she tripped and fell at Burger King No. 140 in Alistan, Massachusetts.[1] At the conclusion of Mrs. Smith’s case, the trial judge denied Burger King’s motion to dismiss the action pursuant to Mass. R. Civ. P., Rule 41 (b) (2).[2]
On November 27,1998, the trial judge ruled that Burger King had violated its duty of care to Mrs. Smith and found for Mrs. Smith in the amount of $100,000. The trial judge also made written findings of fact and issued rulings in response to Burger King’s request for rulings of law. On November 30,1998, judgment was entered for Mrs. Smith in the amount of $122,758.50, which included interest and costs.
On December 9, 1998, Burger King filed its notice of appeal. Burger King appeals two of the trial judge’s rulings of law made in response to Burger King’s request for rulings of law. We agree with the trial judge’s response to Burger King’s request for rulings of law and affirm the judgment.
Factual Backgr ound
Mrs. Smith had been visiting the Burger King restaurant where her injuries occurred for approximately three years prior to her fall. At some point during the three-year span, the restaurant was renovated. On February 20, 1994, the date of her fall, Mrs. Smith got her food at the service counter and returned to the seating *339 area. She ate, engaged in conversation with the people seated near her and then stood up to get another soft drink. She took the same route that she had taken each time she went to her seat. On each of these trips, Mrs. Smith passed by an area where children’s high chairs were stored. Mrs. Smith knew that the high chairs were there, but she did not pay attention to them.
As Mrs. Smith was returning to her seat after she obtained her soft drink, she turned left around the corner of the wall against which the children’s high chairs were stored. At that point, Mrs. Smith “tripped on something,” but she did not know exactly what it was. While she was still on the floor, Mrs. Smith looked and saw the three high chairs. Mrs. Smith testified on cross-examination that although she did not know exactly which high chair she tripped on, she “knew [that she had] tripped on one of them.”
As a result of the fall, Mrs. Smith required a surgical procedure in which three metal pins were inserted into her right hip. After the surgery, Mrs. Smith received physiotherapy and rehabilitation services at another facility for 16 days. Upon her release, Mrs. Smith was given a set of exercises to do. For some time, Mrs. Smith’s son assisted her in climbing stairs and getting into bed. Mrs. Smith also received services at her home from a physiotherapist for approximately two to three weeks.
Mrs. Smith presented testimony from Norman Reece, a safety engineer employed by Professional Safety Consultants, Inc. Mr. Reece visited the Burger King restaurant at which Mrs. Smith’s injuries occurred and took photographs, a video, and measurements of the site. Mr. Reece described the aisle in which Mrs. Smith tripped and fell as “very busy” and “very active.” There was testimony from Robin Willis, who is employed by Burger King Corporation as a loss control manager. Ms. Willis testified that in the majority of Burger King restaurants she has reviewed, children’s high chairs are stored on the sides of the aisles.
Discussion
Burger King argues on appeal that the trial judge erred by denying two of its requests for rulings of law. In Request Number 8, Burger King requested a ruling that the “evidence did not warrant a finding that the defendant [Burger King] was negligent.” In Request Number 10, Burger King requested a ruling that the “evidence did not warrant a finding that defendant [Burger King] breached a duty owed to the plaintiff [Mrs. Smith].” The trial judge denied each of these requests in the following manner: “Denied. In addition, this is a request for a finding of fact; no response is required.”
A judge sitting without a jury makes both findings of fact and rulings of law, two functions that are separate and distinct. Pepin v. Umbro & Sons Constr. Corp., 1996 Mass. App. Div. 77, 78. In this case, the trial judge’s denial of Requests for Rulings of Law Number 8 and Number 10 is consistent with the conclusion that Burger King had breached a duty to Mrs. Smith that caused her injuries.
The trial judge’s characterization of these requests as requests for findings of fact to which no response is required, though correct, is superfluous.[3] The form of the trial judge’s responses to these two requests for rulings does not render them erroneous. We, therefore, address the reasoning apparent in the trial judge’s responses. See Stigum v. Skloff, 2000 Mass. App. Div. 63, 65 (requests for rulings serve to test the trial court’s reasoning). The issue is whether the evidence presented at trial was legally sufficient for the trial judge to conclude that Burger King breached a duty to Mrs. Smith, which would justify the ruling that Burger King was negligent.
“Negligence is a question of fact for a trial court which may be resolved in the plaintiffs favor upon proof that the defendant’s breach of a duty owed to the plaintiff was *340 the proximate cause of the plaintiffs injuries.” Pierce v. Toys “R” Us-Massachusetts, Inc., 1998 Mass. App. Div. 135, 135-136. The (rial judge made his findings of fact based upon the oral testimony and evidence that he heard during the course of the trial, and his findings of fact “are to stand if warranted in law upon any reasonably possible view of the evidence.” Heil v. McCann, 360 Mass. 507, 511 (1971); see also Merrill v. Kirkland Constr. Co., 365 Mass. 110, 113 (1974) (Appellate Division’s ruling that there was insufficient evidence to warrant the trial judge’s finding of an enforceable contract between the plaintiff and the defendant was an impermissible invasion of the trial judge’s fact-finding province).[4] The scope of our review is to assess whether the evidence presented to the trial judge and all rational inferences to be drawn therefrom are sufficient to sustain a finding for the plaintiff, Mrs. Smith. Id.; Matsushita Elec. Corp. v. Sonus Corp., 362 Mass. 246, 250 (1972). This is not to say that every trier of fact would necessarily reach the same conclusion under the facts presented here. We do not, however, review the trial judge’s findings of fact. Heil v. McCann, supra.
A business like Burger King must exercise reasonable care and maintain its premises in a reasonably safe condition for its patrons. Altman v. Barron’s, Inc., 343 Mass. 43, 46-47 (1961); Pierce v. Toys “R” Us-Massachusetts, Inc., supra at 136. If a defendant creates a dangerous condition on its business premises, or if such a condition exists of which the defendant should have become aware and remedied, the defendant is liable for negligence if the dangerous condition results in injuries to the plaintiff. Pierce v. Toys “R” Us-Massachusetts, Inc., supra.
In this case, there was sufficient evidence to permit the reasonable inference that the placement of the high chairs against the half wall next to a frequently used aisle was negligence. There was evidence that many customers used this aisle and that Burger King’s management was aware that the high chairs had been placed there. There was also sufficient evidence to permit the reasonable inference that Mrs. Smith tripped over one of the high chairs as she returned to her seat. Based on the facts, it necessarily follows that where the trier of fact arrived at the conclusion of negligence, it then reasonably concluded that Burger King’s negligence was the proximate cause of the injuries sustained by Mrs. Smith.
Burger King’s reliance on Stetson v. Shaw’s Supermarkets, Inc., 2000 Mass. App. Div. 151, is misplaced. In Stetson, the basis of the allegation of negligence was the presence of a foreign substance on the floor, a wet spot. Id. The Stetson court vacated the trial judge’s finding of negligence on the part of the defendant because the plaintiff “could not say for certain that she had slipped on the water. She did not know what caused her to fall and only pointed to the small spot of water after the incident as a possible cause of the accident.” Id. at 152. The Stetson court also noted that even if the evidence showed that the water spot caused the plaintiffs fall, “there was no evidence of the length of time the water had been on the floor, nor any evidence of its source.” Id.
In this case, the allegation of negligence is not based on the presence of a foreign substance, and Burger King’s management does not dispute its responsibility for the placement of the high chairs along the aisle. As previously noted, Mrs. Smith did testify that she knew that she had tripped on one of the high chairs that had been placed there.
Accordingly, we affirm the trial judge’s rulings.

 On direct examination, Mrs. Smith testified that the Burger King is located on Brighton Avenue in Brighton, Massachusetts.

 Burger King’s motion was a Motion for Directed Verdict pursuant to Mass. R. Civ. P., Rule 50(a). As no such motion exists in the Boston Municipal Court Department because of the lack of civil jury trials, the trial judge construed Burger King’s motion as a motion to dismiss under Mass. R. Civ. P., Rule 41(b) (2).

 These responses notwithstanding, the parties here had the benefit of the trial judge’s written findings of fact, which are not required under Mass. R. Civ. P., Rule 52 (c).

 Under Mass. R. Civ. P., Rule 52(c), “[fjindings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.”