Winslow, J.
The defendant supermarket (“Shaw’s) appeals from a judgment in favor of a plaintiff customer (“Prestopino”) who suffered personal injuries when she tripped on a wrinkled carpeting as she entered the supermarket store to shop. The trial judge, hearing the matter without a jury, found for Prestopino. We reverse.
The trial judge found that Prestopino and her husband were lawfully on the premises owned and controlled by Shaw’s when she tripped and fell on a rug that was located on the floor inside the store entrance. There was an inlaid carpet in the entrance area with an unattached mat or rug which rested on top of the inlaid carpet A shopping cart which the husband was pushing became caught on the mat which was wrinkled. As the husband attempted to free the shopping cart, Presto-pino tripped on the wrinkled rug and fell to the floor suffering personal injury. The incident occurred during a busy time of day on the July 4th holiday and the store was well staffed. The trial judge found, without subsidiary findings, that the condition had existed on the premises for such a period of time that Shaw’s knew or should have known of the wrinkled rug and addressed the condition. The trial judge further found that Prestopino was distracted from the dangerous condition by the placement of advertising signs in the store entrance which drew her attention away from the direction in which she was walking. There was no evidence concerning the length of time that the wrinkled rug condition existed, who or what had caused the rug to become wrinkled and no employee was in the area of the rug at the time of Prestopino’s fall.
“Appellate courts may not disregard or set aside a trial judge’s findings unless they are clearly erroneous. See Mass. R. Civ. P. 52(a), as amended, 423 Mass. 1402 (1996). Appellate review of the facts found at a bench trial does not permit the weighing of the evidence anew. See Capitol Bank & Trust Co. v. Richman, 19 Mass. App. Ct. 515, 519 (1985).” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 177 (2000). “In reviewing the finding of negligence by the trial judge, we consider the evidence and all rational inferences that may be derived therefrom taken in the light most favorable to the plaintiff. Anderson v. Shaw’s Supermarkets, Inc., 1999 Mass. App. Div. 23 (1999); O’Connor v. Shaw’s Supermarkets, Inc., 1999 Mass. App. Div. 135 (1999).” Welby v. Stop & Shop Supermarket Co., 2000 Mass. App. Div. 265. In a case involving premises liability, “[t]he obligation of one who controls business premises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973). “The length of time the law allows to the defendant for discovery and removal or warning of the dangerous condition is governed by the circumstances of each case.... The decisive issues ... are the *26 length of time the condition is present and the opportunity for discovery on the facts of the case.” Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961).
The trial judge’s finding that Shaw’s knew or should have known of the wrinkled rug is unsupported by any evidence at trial. Both Prestopino and her husband affirmatively testified at trial that they did not know how long the condition had existed before the fall or what had caused the condition to occur. Neither testified regarding the presence of any store employee in the immediate area of the rug. In Allen v. Albert Zallen Co., 340 Mass. 785 (1960) (rescript), a case involving a plaintiff who tripped over the curled end of a mat at a store entrance, the Supreme Judicial Court noted that “[i]t is fair to infer, from the clean, white line at the end of the mat with a dirty floor all around it, that the mat had moved toward the doorway but a very brief time before the accident happened and it does not appear how that movement occurred.” Here, the trial transcript is devoid of any evidence which could support a finding or inference regarding the length of time that the rug had been wrinkled. Moreover, Prestopino’s view of the rug was not obscured by the presence of advertising signs located in the store entrance. Compare Hall v. Waltham Post No. 156, 1998 Mass. App. Div. 276, citing Robinson v. Ipswich Post 1093, V.F.W., Inc., 343 Mass. 771, 772 (1961) (“There is no duty to warn when the condition is obvious.”) (rescript). In these circumstances, the trial judge’s findings that Shaw’s is liable in the circumstances are clearly erroneous.
Accordingly, the judgment for the plaintiff is reversed and judgment shall enter for the defendant Shaw’s.
So ordered.