Wheatley, P.J.
The plaintiff (Benzaquin) alleged that the negligence of the defendants (Friendly’s) was the cause of her injuries received from an entrance door which fell on her as she attempted to enter their premises. The trial judge denied Friendly’s motion for a directed verdict, filed at the close of Benzaquin’s case and renewed at the close of all the evidence, and, after trial, found in Benza-quin’s favor in the amount of $28,500. Friendly’s has filed this Mass. Dist./Mun. R. A. D. A, Rule 8C appeal. We reverse.
For the purpose of appeal, we treat the motion for a directed verdict as a motion for involuntary dismissal pursuant to Mass. R. Civ. R, Rule 41(b)(2). Edwards v. Sullivan & Cogliano Co., 2002 Mass. App. Div. 43, n.3, and case cited. The evidence taken in the light most favorable to the plaintiff,[1] as culled from the transcript and supplemental statement of the evidence,[2] is as follows. On July 26,1996, at about twelve noon, Benzaquin and her three-year-old daughter came to Friendly’s restaurant in Pembroke. Benzaquin approached the entrance doorway, which consisted of two heavy doors with doorknobs and large glass panels. As she attempted to pull the right-hand door open, it suddenly overextended and pulled away from the door enclosure “where it should be hooked on.” She looked up and saw no hinge pin in the upper comer and the door proceeded to fall on her. She heard no pin pop out or break, and did not know if it snapped as she opened the *66 door. She did not know how long the upper hinge pin was missing and did not notice it missing prior to opening the door. At the bottom, she saw a pin where the door was connected. As she was twisting and struggling with the door, which was only held up by its bottom hinge, several Friendly’s employees assisted her and held it in place. She left and received medical treatment for her injuries. There were no other witnesses in her case-in-chief.
In a case involving premises liability, “ [t]he obligation of one who controls business premises is to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973). “The length of time the law allows to the defendant for discovery and removal or warning of the dangerous condition is governed by the circumstances of each case. ... The decisive issues ... are the length of time the condition is present and the opportunity for discovery on the facts of the case.” Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961); Prestopino v. Shaw’s, 2002 Mass. App. Div. 25.
In Kelley v. W.D. Quimby & Co., Inc., 227 Mass. 93 (1917), wherein the plaintiffs injuries to her foot were caused by the sudden falling of a piece of glass from a store show-case, the Supreme Judicial Court held that, even though the show-case was under the exclusive control of the defendant, the plaintiff still had the burden to prove negligence on the part of the defendant. The record tended to show that the fall was due to a bracket which was used to hold the glass in place and which was defective, “over to one side” and “strained from the position it originally belonged in.” There was nothing about the appearance of the bracket to show how long it had been out of its original position, and no evidence to show that the defendant might have been informed of the defect by the exercise of reasonable care. They sustained the defendants exceptions and ordered judgment in its favor. See also Brogna v. Capodilupo, 279 Mass. 586 (1932) (gutter on which plaintiffs staging was suspended collapsed). There was no evidence presented in the case at bar that Friendly’s caused the problem with the door, or that any of its employees knew or should have known of any defect in the door prior to the accident Moreover, there was no evidence that the door hinge was dangerous or defective, or that it had such an appearance, prior to the accident
The appellees urge that the finding may be supported by reference to the doctrine of res ipsa loquitur, that the unexplained falling of the door, the maintenance of which was in the exclusive control of the defendant, was a circumstance that would not have happened but for the defendant’s negligence, and may be proven by circumstantial evidence. “In drawing this inference and determining that there is a balance of probabilities in favor of negligence, the trier of fact must be able to find, either from common knowledge ... or from expert testimony ... that the occurrence of the accident shows negligence as a cause.” Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 235 (1975). The mere occurrence of an accident, without more, is insufficient evidence of negligence. Osborne v. Hemingway Transport, 28 Mass. App. Ct. 944, 945 (1990); Bernstein v. Highland Associates of Worcester, 1 Mass. App. Ct. 132, 134 (1973); Hadley v. Hillcrest Dairy, Inc., 341 Mass. 624 (1961); Artz v. Hurley, 334 Mass. 606 (1956).
“In order to find liability on the basis of res ipsa loquitur, that is, on the basis of circumstantial evidence,... there must be an unusual occurrence or other circumstances from which a jury could reasonably find that the accident is of a kind that would not have happened in the ordinary course of events unless there was negligence by the defendant.” Osborne, supra; Evangelio v. Metropolitan Bottling Co., 339 Mass. 177, 180 (1959). Compare Brady v. Great Atlantic & Pacific Tea Co., 336 Mass. 386, 390 (1957) (frayed leather strap holding baby in a shopping cart); Wilson v. Honeywell, Inc., 28 Mass. App. Ct 298, 300-301 (1990) (broken spring hanging from an overhead door); *67 Couris v. Casco Amusement Corp., 333 Mass. 740 (1956) (loose bolt on theater seat that collapsed). Here there were no such circumstances. The only testimony referencing the condition of the door came from Benzaquin who testified that, “I looked up in the corner [of the door] and noticed that there was no pin in it...” There was no showing whether the pin assembly was gone or that it broke from metal fatigue, or some other cause, and, thus, no indication that it was “more probable than not that a deteriorating condition would have been visible on reasonable inspection.” Osbourne, supra, at 945. Under these facts, the trial judge was not warranted in finding that it was more probable than not that the falling of the door was due to the defendant s negligence.
In light of the foregoing, it is not necessary to pass upon the issue of the trial judge’s ultimate findings. Accordingly, the judgment for the plaintiff is reversed and judgment is to enter for the defendants.
So ordered.

 Haywood v. Mass. Automotive Group, 1998 Mass. App. Div. 85; Devito v. Cellular Mobile Commun., Inc., 1993 Mass. App. Div. 48, 49.

 The transcript of the second day of trial was unavailable and a written description endorsed by the trial judge was substituted by agreement.