Coven, J.
In this dispute over the nature and quality of the work performed on a residential home improvement project, plaintiff-contractor Giuseppe Amabile (“Amabile”) sought the recovery of the balance of the contract price for the work he performed. Defendant Edward Embriano (“Embriano”) counterclaimed for $12,000.00 in damages to remedy what he alleged was Amabile’s improper and defective performance. The trial judge awarded Amabile contract damages of $4,000.00, set off by the $920.00 in damages awarded to Embriano. Embriano has appealed, pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C, asserting that there was error in the trial judge’s exclusion of an estimate for repairing work performed by Amabile, finding that portions of Amabile’s work were not defective, and ruling that Embriano failed to establish other damages.
We summarize the trial judge’s findings that are relevant to this appeal. “[Embriano] had torn the walls down to the studs” on the second and third floors of his three-story building. The parties entered into a contract through which Amabile *273 was to install “sheet-rock/blue board” (“the product”) on those floors. In addition, Amabile was to plaster over the installed product and plaster the ceilings. The agreed price for the work was $8,000.00. Embriano paid Amabile $4,000.00.
Each floor of the building had a number of twenty-two and one-half degree angles where the walls met. Amabile made those angles disappear on the second and third floors by using a “round [ing]” technique. The trial judge found that the parties did not discuss whether the product was to be installed in this fashion, or whether the appearance of the angles was to be maintained. The judge also found that Amabile properly left a space between the plaster on the wall and the floor so that molding could be installed. As to the ceilings, the judge found “that the ceilings were to be sand-finished and [Amabile] failed to materially perform that part of the contract.” A scroll pattern was applied instead. However, the judge found that Embriano failed to prove damages with respect to the ceiling work, stating: “Had the defendant either had the ceiling redone or presented admissible evidence as to the cost of repair, there would have been a basis for awarding damages or for determining the diminution of the value of the contract.”
Embriano asserts on this appeal that he sought to introduce a written estimate of the cost to make the rounded corners square and to apply a smooth finish to the ceilings, but that the estimate was improperly excluded by the court on Amabile’s objection. While Embriano acknowledges in his brief that the trial transcript does not reflect an objection to the introduction of the estimate, he maintains that there was an “exchange between counsel and the Court” regarding its admission. In any event, Embriano was able to testify that the estimated price of the repair work was $8,700.00.
1. As to the exclusion of the repair estimate, we find no prejudicial error on the basis of the record before us. There is nothing in the record to establish that the estimate was offered into evidence, and that Amabile objected. Embriano, as appellant, had a duty to present a complete record on this appeal. Tavares v. Mashpee 130 Shops, Inc., 2009 Mass. App. Div. 227, 230; Revere Hous. Auth. v. Chouchos, 2008 Mass. App. Div. 163, 164. If, as he claims, the transcript did not accurately depict what took place, Embriano could have sought to correct the record pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C(f). He did not do so. In the absence of proof of Embriano’s unsuccessful attempt to introduce the repair estimate into evidence, there can be no ruling that it was error to exclude it. In any event, Embriano could not claim to be prejudiced by the exclusion of the document, see Pina v. McGill Dev. Corp., 388 Mass. 159, 164 (1983), because he was able, through his own testimony, to introduce evidence of the cost and scope of the total work to be performed pursuant to the repair estimate. Murphy v. Conway, 360 Mass. 746, 750 n.3 (1972).
2. There was also no error in the trial judge’s findings of fact that Embriano has appealed. “In reviewing a nonjury case, the Appellate Court accepts the trial judge’s Findings of Fact unless they are clearly erroneous, Jancey v. School Committee of Everett, 427 Mass. 603, 605 (1998). And as stated by the Massachusetts Appeals Court in Guardianship of Clyde, 44 Mass. App. Ct. 767, 774 (1998), ‘a finding is clearly erroneous when there is no evidence to support it, or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’” Clements v. Stop & Shop Cos., 2000 Mass. App. Div. 74, 75. Applying those principles, we conclude that *274 there was no error in the trial court’s finding that the product was properly installed. As indicated, the parties never specified that the “rounding” method of plastering could not be used. Further, the record is devoid of any evidence that would have required a contrary finding by the court that it was improper to install the product in a manner such that baseboard molding will cover any gap left between the floor and the product installed.
3. As to proof of damages, Embriano’s testimony of the estimate, the document he suggests was improperly excluded, included costs associated with both establishing the angles and correcting the ceiling. Because there was no error in the trial judge’s finding that the product was not installed improperly, the only remaining question of damages was for the ceiling work. The estimate did not, however, separate the price of repairing the ceiling from the other work. It was not the trial judge’s duty to guess at the cost of repairing the ceiling.[1]
Judgment affirmed.
So ordered.

 Excluded from evidence was a billing invoice from a contractor who, as part of the price, “scrape [d] all walls of textured ceiling oversplash.” Embriano does not raise the exclusion of this evidence in his appeal. We do note that, even if it had been admitted, but see Mass. G. Evid. §803(6) (A), at 258 (2010), the same deficiency applies. The contract does not state what the cost was to repair the ceiling (assuming that “scrap [ing] all walls of textured ceiling oversplash” involves the repair work suggested).